UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BELL,

       Petitioner,

v.                                                         Case No. 8:07-cv-86-T-17EAJ

SECRETARY DEPARTMENT OF CORRECTIONS,

       Respondent.

_____/

## **ORDER**

THIS CAUSE is before the Court on a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Petitioner David Bell. Bell challenges his convictions and sentences entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, in state circuit case number CRC03-13162CFANO. A review of the record demonstrates that, for the following reasons, the petition must be denied.

## **PROCEDURAL HISTORY**

On January 29, 2004, the State Attorney filed an Amended Information charging Bell with one count each of kidnaping, carjacking, and burglary. (Exh 12: Vol. 1: R 14-15).[1] On

---

[1] Respondent filed the six-volume record on direct appeal as Exhibit 12. Volumes 1 and 2 contain
(continued...)

February 4, 2004, the case proceeded to jury trial before the Honorable Richard A Luce, Circuit Judge. Bell was represented by Assistant Public Defenders Jorge Angulo and Susan Thompson. The jury found Bell guilty of kidnaping, attempted carjacking, and burglary with a battery. (Exh 12: Vol. 1: R 47-52). On February 12, 2004, the court adjudicated Bell guilty and sentenced him life in prison as a Prison Releasee Reoffender (PRR) on the kidnaping count, to thirty years as a Prison Releasee Reoffender, with a fifteen year minimum mandatory sentence on the attempted carjacking count, and to life in prison as a Violent Career Criminal on the burglary count. (Exh 12: Vol. 1: R 108-115).

### Direct Appeal

Bell pursued a direct appeal. Tosha Cohen, the Assistant Public Defender assigned to represent him on appeal, filed an initial brief (Exhibit 1), raising one issue:

WHETHER THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTOR TO MAKE IMPROPER COMMENTS?

The State filed an answer brief. (Exhibit 2). On March 11, 2005, in Case No. 2D04-1168, the Second District Court of Appeal filed a per curiam opinion affirming Bell's convictions and sentences. (Exhibit 3). *Bell v. State*, 901 So. 2d 122 (Fla. 2d DCA 2005). The mandate was issued on April 7, 2005. (Exhibit 4).

### First Rule 3.850 Motion for Postconviction Relief

On May 17, 2006, Bell, pro se, filed a Motion for Postconviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. (Exhibit 5). Bell raised three grounds for relief. On June 29, 2006, the trial court issued an order dismissing the Rule 3.850

---

[1](...continued)
the documentary record.  Addendum Volumes 1 and 2 contain the trial transcript, and the Second Supplemental Volume contains the jury voir dire.

motion as facially insufficient. (Exhibit 6). Bell appealed the adverse ruling. According to the appellate court's docket, Bell filed an initial pro se brief; however, the brief was not served on the State and is not in the record.

On November 3, 2006, in Case No. 2D06-3488, the Second District Court of Appeal filed a per curiam affirmance of the dismissal of the motion for postconviction relief. (Exhibit 7). *Bell v. State*, 941 So. 2d 373 (Fla. 2d DCA 2006)[table]. The court issued its mandate on November 28, 2006. (Exhibit 8).

## Second Motion for Postconviction Relief

On July 21, 2006, while the first Rule 3.850 motion was still pending, Bell filed a second motion presenting three claims of ineffective assistance of trial counsel: (1) trial counsel was ineffective in failing to object to purportedly improper statements made by the prosecution during closing arguments; (2) trial counsel was ineffective in failing to impeach the victim's trial testimony with prior inconsistent statements made during her deposition testimony; (3) trial counsel was ineffective in misadvising Bell that he could not and should not testify at trial. (Exhibit 9). On August 29, 2006, the trial court issued an order summarily denying all three claims on their merits. (Exhibit 10). It appears from the circuit court docket that Bell did not appeal the denial of this second motion.[2] (Exhibit 11).

---

[2] The website for the Second District Court of Appeal indicates the only postconviction appeal was the one from the denial of the first motion, appellate case no. 2D06-3488. The notice of appeal in that case recited that Bell was appealing from the order denying postconviction relief dated June 29, 2006 (the date of the first order), and the notice of appeal itself was filed in the appellate court on July 31, 2006, prior to the trial court's denial of the second motion on August 29, 2006. (See Respondent's Exhibit 8).

## THE PRESENT PETITION

Bell signed the § 2254 petition on January 10, 2007. (Doc. No. 1). He raises three claims of ineffective assistance of trial counsel: (1) trial counsel was ineffective when failing to object to improper prosecutorial statements or request a curative instruction; (2) trial counsel was ineffective when failing to impeach the State's key witness with prior inconsistent statements; (3) trial counsel was ineffective when misadvising Defendant not to testify at trial, a constitutional right.

## THE PETITION IS UNTIMELY

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. Bell's judgment became final on **June 9, 2005**, ninety (90) days after his conviction and sentence were affirmed on appeal on March 11, 2005. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Subsection (2) of §2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." Bell filed his first Rule 3.850 motion for postconviction relief on **May 17, 2006**, after **342** days of the federal limitations period had elapsed. That left 23 days remaining in the limitations period. The postconviction proceeding tolled the time until it became final with the issuance of the appellate mandate on **November 28, 2006**. Thereafter, **42** additional days passed until Bell filed the federal habeas petition on **January 10, 2007**. Accordingly, a total of **384** days (342 + 42 = 384) elapsed during which no properly filed collateral application was pending, and the instant federal petition was filed **19** days beyond the one-year time period.

## Equitable Tolling

Bell contends his petition is timely. (See § 2254 petition at p. 14). However, he states that if his calculations are "off a few days" he asks this Court to find the time period to be equitably tolled. Bell argues in pertinent part:

> This Court should note for the sake of arguendo [sic], that if it finds Petitioner's calculation to be off a few days and said 1 year limitation expired by such, Petitioner should be excused and granted equitable tolling for those few days, where Petitioner offers that he is now in special housing unit (SHU) close management where he's been since [blank] and does not have adequate access to a law library; Petitioner has a [blank] grade education which can be surmised from the prior facially insufficient 3.850 filing which was in his own writing with no assistance.

(See § 2254 petition at p. 14). The time period specified in 28 U.S.C. § 2244 "is a statute of limitations [and] not a jurisdictional bar," which "permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Arthur v. Allen*, 452 F.3d 1234, 1252-1254 (11th Cir. 2006) (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). However, Bell's case

does not exhibit any extraordinary circumstances that prevented him from filing a timely federal petition.

When a petitioner claims that the prison law library was deficient and it prevented his timely filing his petition, the petitioner must specify when he found out about the deficiencies and what he did to remedy them. *Helton v. Dep't of Corrections*, 259 F.3d 1310 (11th Cir. 2001). As the Eleventh Circuit stated in *Helton*:

> Helton's assertion that he "did not have the means to learn that there might be a question about when the one year clock started to run" is belied by his admission that counsel put him on notice about confusion in that area of the law. Furthermore, Helton's declaration lacks the necessary specificity to show when he found out about the library's alleged deficiency and what - if anything - he did to remedy the defect. For example, Helton never asserts that he asked for the amendments to the federal habeas corpus statutes, or that he was even aware the library did not have these materials at the time he filed his section 2254 petition. Helton fails to state any independent efforts he made to determine when the relevant limitations period began to run, let alone that the DeSoto Correctional Institution somehow thwarted his efforts. Thus, the record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library. *Cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

*Helton*, 259 F.3d at 1313-1314. Here, Bell alleges he was in close management custody for some period of time and did not have "adequate access" to the law library. Bell's argument is unavailing. First, he neglected to specify the time period he was confined in special housing, and has not outlined the steps he took to remedy the situation. Moreover, his filing of the second Rule 3.850 motion which contained facially sufficient claims of ineffective assistance of counsel, demonstrates that he had competent legal assistance

during the pertinent time frame. Consequently, Bell is not entitled to equitable tolling during the federal limitations period.

## EXHAUSTION AND PROCEDURAL DEFAULT

Before filing a federal habeas action, a state prisoner must exhaust state court remedies, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal of its denial. *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (citation omitted).[3] Bell's failure to appeal the denial of his second postconviction motion, which contained the same claims as those raised in the instant federal petition, results in a procedural default of those claims.

Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982). Where, however, the claim presented is procedurally defaulted, the court need not dismiss to permit exhaustion but should dismiss on procedural default grounds. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998). Bell's thirty-day time period for appealing the denial of the second Rule 3.850 motion has long expired. Accordingly, Bell's claims are procedurally defaulted.

## AEDPA STANDARD OF REVIEW

---

[3] Fifth Circuit decisions handed down prior to October 1,1981,are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Finally, even if Bell could overcome the double hurdles of the time bar and procedural default, he still would not be entitled to relief from this Court. Bell's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also, Bell v. Cone*, 125 S. Ct. 847 (2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]). Pursuant to 28 U.S.C. § 2254:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Bell raises three claims of ineffective assistance of trial counsel in the federal habeas petition. In order to show a violation of the Sixth Amendment right to counsel, Bell must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Bell v. Cone, 535 U.S. 685, 698 (2002)(courts should apply *Strickland* to claims that counsel

failed to satisfy constitutional requirements at specific points). First, Bell must demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Bell must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694.

In this case, Bell cannot demonstrate deficient performance or prejudice. For this proposition.  (See the detailed and well-reasoned findings of the state court in the order denying the second motion for postconviction relief -- Respondent's Exhibit 10). The state court correctly applied the *Strickland* standard to Bell's claims, and the denial of postconviction relief was objectively reasonable and entitled to deference under the AEDPA. Consequently, the claims raised in the federal petition must be denied.

Accordingly, the Court orders

That Bell's petition is denied.  The Clerk is directed to enter judgment against Bell and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 11, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
David Bell